**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **LILIA RODRIGUEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 5:21-CV-00807-JKP-ESC |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES LILIA RODRIGUEZ**, hereinafter referred to by name or as Plaintiff, and complains of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY CONTROL PLAN**

**1.** Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.
PARTIES**

**2.** Plaintiff Lilia Rodriguez is an individual residing in Bexar County, Texas.

**3.** Defendant Allstate Fire and Casualty Insurance Company is a foreign insurance company authorized to do business in the state of Texas and has been served with process through its registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136.

## III.
## JURISDICTION & VENUE

**4.**     This Court does not have proper jurisdiction over the parties because while the Plaintiff agrees that the parties are fully diverse, the amount in controversy does not meet the 28 U.S. Code § 1332 statutory minimum for diversity of jurisdiction $75,000 exclusive of interest and costs.

**5.**     Venue is proper in the Western District of Texas in this cause because the case was removed from the Bexar County District Court which is within the Western District of Texas.

## IV.
## FACTS

**7.**     On or about June 18, 2019, Plaintiff Lilia Rodriguez was a passenger in a 2007 Ford F150 operated by Ruben Rodriguez in a lawful manner while stopped at a red light on Zarzamora St., San Antonio, Bexar County, Texas, when their vehicle was suddenly, violently, and without warning struck by Anthony Miranda, who was an inattentive driver, failed to control his speed, and lost control while operating a 2014 Nissan Maxima. Christina Garcia, the investigating officer with the San Antonio Police Department states that Anthony Miranda "lost control of his vehicle and drove over the center meridian and crashed into unit 2 […] must have been driving high rate of speed and crashed into unit 3 which was also stopped at a red light." As a result of the crash Plaintiff was injured and incurred $31,649.00 of past medical expenses.

**8.**     Plaintiff and her husband brought a lawsuit against Anthony Miranda in Bexar County District Court to recover for their injuries. However, there were multiple claimants harmed by the adverse driver and the adverse driver's minimum insurance policy ($60,000.00) was not enough to fully compensate any claimant for the full extent of their injuries.

**9.**     Prior to June 18, 2019, Defendant Allstate Fire and Casualty Insurance Company issued to its insured, Ruben Rodriguez and Lilia Rodriguez, a policy of insurance, insuring protection

against bodily injury and property damage loss caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle. The policy number is 844693828 and it has a policy limit of $30,000 per person.

10. Following settlement with the adverse driver for portions of a global tender, Plaintiff and her husband made claims though their underinsured coverage policy provided by Defendant Allstate. Plaintiff's husband was able to resolve his claim, however Ms. Rodriguez and Allstate failed to come to an agreement. Plaintiff now seeks a declaratory judgment determining Plaintiff's right to recover from Defendant.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### A. NEGLIGENCE

11. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Anthony Miranda, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a. failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   c. operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

   d. failing to turn the vehicle in an effort to avoid the collision in question;

   e. failing to blow horn warning of imminent danger;

   f. failing to yield the right of way at a stop/yield sign; and

  g. being inattentive.

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B. NEGLIGENCE PER SE**

13. Further, **ANTHONY MIRANDA** failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.351, §545.052, and §545.401 pursuant to the Negligence Per Se Doctrine which mandates that:

> **§545.351 MAXIMUM SPEED REQUIREMENT.**
> An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
>
> **§545.052 DRIVING PAST VEHICLE MOVING IN OPPOSITE DIRECTION.**
> An operator moving in the opposite direction of the movement of another operator shall move to or remain to the right.
>
> **§545.401 RECKLESS DRIVING OFFENSE.**
> A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

15. The occurrence and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of Anthony Miranda who operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle as stated above.

16. Defendant is responsible for this negligence by virtue of the underinsured motorist coverage in the policy held by Plaintiff and the underinsured status of Anthony Miranda.

## VI.
## DAMAGES

17.     As a direct and proximate result of the collision and the negligent conduct of Anthony Miranda, Plaintiff Lilia Rodriguez suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

18.     As a further result of all of the above, Plaintiff has incurred at least $31,649.00 of medical expenses in the past and may incur medical expenses in the future to treat her injuries.

19.     Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant Allstate Fire and Casualty Insurance Company at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 that Plaintiff is entitled to recover from Defendant her damages resulting from the motor vehicle collision of 6/18/2019. That those damages fall within the coverage afforded under the Defendant insurance policy, and specifying the amount of damages, attorneys fees, interest, and court costs that Defendant is obligated to pay.

20.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE requires Plaintiff to include a demand for the relief sought. Plaintiff seeks monetary relief in the amount of the value of her underinsured motorist policy ($30,000.00 max), excluding interest, attorney's fees and costs.

## VII.
## INTEREST

**21.**     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## ATTORNEY'S FEE'S

**22.**     Pursuant to the cause of action created by Tex. Civ. Prac. & Rem. Code Ch. 37, Plaintiff seeks recovery of reasonable and necessary attorney's fees from Defendant Allstate Fire and Casualty Insurance Company, for which Plaintiff hereby sues.

## IX.
## DEMAND FOR JURY TRIAL

**23.**     Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## X.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: erojas-svc@thomasjhenrylaw.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Lost wages in the past;
10. Loss of future wage-earning capacity;
11. Pre-judgment interest;
12. Post-judgment interest; and
13. Reasonable and necessary attorney's fees.

Respectfully Submitted,

THE LAW OFFICES OF THOMAS J. HENRY
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax. (361) 985 0601

By: _____
ENRIQUE E. ROJAS
State Bar No. 24091847
*erojas-svc@thomasjhenrylaw.com
ATTORNEY FOR PLAINTIFF
*Service by email to this address only

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument was served upon all counsel of record by electronic transmission on this 5th day of October, 2021, in accordance with the Federal Rules of Civil Procedure, to wit:

Edward J. Batis, Jr.
ORTIZ & BATIS, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 344-3900
(210) 366-4301 (fax)
ejbsupport@ob-lawpc.com
ATTORNEYS FOR DEFENDANT

                                          Enrique E. Rojas