UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LILIA RODRIGUEZ,

    *Plaintiff*,

v.                                            Case No. SA-21-CV-00807-JKP-ESC

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to remand filed by Plaintiff Lilia Rodriguez (ECF No. 8). With the filing of the response (ECF No. 17) and reply (ECF No. 18), the motion is ripe for ruling. For the reasons set forth below, the Court grants the motion.

### I. BACKGROUND

Plaintiff Rodriguez sued Defendant Allstate in the 166th Judicial District Court of Bexar County, Texas to recover for injuries sustained in a motor vehicle accident. Plaintiff alleges she was injured when an inattentive driver failed to control his speed and lost control, striking a vehicle in which she was a passenger. ECF No. 1-4 at 5. Plaintiff seeks damages under the uninsured and underinsured motorist benefits of her insurance policy with Allstate. *Id.* at 8.

Defendant removed, asserting that the Court has subject matter jurisdiction because the parties are diverse and the amount in controversy was alleged to exceed $75,000. ECF No. 1 at 2. Plaintiff filed the subject motion to remand, contending Defendant's removal was untimely. ECF No. 8 at 3. The motion is ripe and pending before the Court.

### II. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs." Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution or statute. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Thus, a federal court must presume that a cause of action lies outside its limited jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted).

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing party has the burden to prove by a preponderance of the evidence "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). Therefore, when the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence "both that the parties are diverse and that the amount in controversy exceeds $75,000." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted).

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

### III. DISCUSSION

Rodriguez moves to remand this case on the basis that Allstate's removal was untimely. ECF No. 8. Rodriguez requests court costs, expenses, and attorney's fees. *Id.*

**1. Timeliness of Removal**

A defendant seeking to remove a civil action to federal court must file a notice of removal within thirty days of either (1) the defendant's receipt of a copy of the initial pleading, or (2) service of summons upon the defendant. 28 U.S.C. § 1446(b)(1). "The removal clock runs from 'the initial pleading only when that pleading affirmatively reveals on its face' the grounds for removal." *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021) (citations omitted). If the initial pleading does not contain a "specific allegation that damages are in excess of the federal jurisdictional amount," *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013), the thirty-day removal deadline runs from the defendant's receipt of an amended pleading or "other paper from which it may first be ascertained" that the case is eligible for removal. 28 U.S.C. § 1446(b)(3); *Cobalt Int'l Energy, Inc. v. Alterra Am. Ins. Co.*, 788 F. App'x 254, 257 (5th Cir. 2019) (per curiam).

Rodriguez filed her state court petition on May 13, 2021. ECF No. 1-4 at 4. She served Allstate on May 27, 2021. *Id.* at 12, 14. Allstate removed the case to federal court on August 27, 2021, under 28 U.S.C. § 1446(b)(1). ECF No. 1. This removal—filed August 27, 2021, after service of the initial pleading on May 27, 2021—was well outside the thirty-day removal deadline set forth in § 1446(b)(1).

In a separate filing, Allstate contends its August 27, 2021 removal was timely under 28 U.S.C. § 1446(b)(3) because it was only upon receipt of Plaintiff's initial disclosures that Allstate was able to discern that "the claims asserted by Plaintiff clearly and categorically exceed $75,000." ECF No. 4 ¶ 9. However, Plaintiff served her initial disclosures on July 29, 2021, and Allstate filed its notice

3

of removal under § 1446(b)(3) on August 31, 2021. *See* ECF No. 4. This removal was outside the thirty-day deadline set forth in § 1446(b)(3).

Allstate attempts to avoid the § 1446(b)(3) thirty-day deadline by captioning its August 31, 2021 notice as an amended notice of removal—purportedly to correct a scrivener error—and use the earlier filing date to meet the removal deadline. *See* ECF Nos. 1, 4. Black's Law Dictionary defines "scrivener error" as a synonym for "clerical error." Black's Law Dictionary 1616 (11th ed. 2019). In turn, a "clerical error" is defined as

> [a]n error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination; esp., a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading. Among the numberless possible examples of clerical errors are omitting an appendix from a document; typing an incorrect number; mistranscribing or omitting an obviously needed word; and failing to log a call.

*Id.* at 683.

Allstate's amended notice of removal does not contain a scrivener error, it asserts a different legal basis for removal. Allstate's first notice of removal asserts and argues that removal is proper under § 1446(b)(1). The amended notice of removal asserts and argues that removal is proper under § 1446(b)(3). Consequently, the Court finds that the amended notice of removal is a separate filing. Because Allstate did not file its notice of removal based on § 1446(b)(3) within thirty days of service of Plaintiff's initial disclosures, removal was untimely. Allstate did not file a motion for leave to file its § 1446(b)(3) notice of removal out of time. And even if the Court was inclined to grant such a motion, the record contradicts Allstate's assertion that until Plaintiff served her initial disclosures, it was not clear that Plaintiff's claims exceed $75,000. ECF No. 4 ¶ 9.

The "other paper" that forms the basis of Allstate's notice of removal based on § 1446(b)(3)—Rodriguez's initial disclosures—does not provide Allstate with information about the amount in controversy from which it "first ascertained" that the case has become removable. *Cobalt Int'l Energy*, 788 F. App'x at 257. With the exception of the statement that Rodriguez had $31,649 in past medical

4

expenses at that time, the disclosures did not provide Allstate with any new information concerning the amount in controversy. Indeed, with the exception of the past medical expenses, the information in the disclosers mirrors the information contained in Plaintiff's original petition. The disclosures only confirmed what Allstate already knew, or should have known, since the filing of the original petition.[1] Therefore, even if subject matter jurisdiction exists, the action must be remanded because Allstate did not timely remove it.

**2. Attorney's Fees**

"A court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 298 (5th Cir. 2017) (affirming district court's award of attorney's fees upon ruling that the defendant "lacked an objectively reasonable basis for seeking removal of this action almost five months after expiration of the thirty-day deadline for removal"). *See also McEvoy v. Praetorian Ins. Co.*, No. 19-22975-CV-UNGARO, 2019 WL 7643421, at *2, 2019 U.S. Dist. LEXIS 225808, at *7 (S.D. Fla. Aug. 23, 2019) (concluding "Defendants' removal was untimely, and thus an award of fees and costs are warranted") (citing *Nichols v. S.E. Health Plan of Ala., Inc.*, 859 F. Supp. 553, 559 (S.D. Ala. 1993) (noting that "courts have awarded costs and fees where the removal notice was untimely filed").

If timely filed, Allstate's removal under § 1446(b)(1) would likely have been reasonable. But filing notice of removal three months after being served with the original petition in this case was objectively unreasonable, particularly in light of Allstate and Plaintiff's husband resolving the claims

---

[1] Allstate's notice of removal based on § 1446(b)(1) states: "Based upon the 'face of the petition' it is apparent the claims are likely to exceed $75,000." ECF No. 1 at 4. Allstate supports this conclusion with information from Plaintiff's original petition, the operative pleading at the time of removal, that Plaintiff seeks (1) monetary relief of over $200,000 but not more than $1,000,000; (2) pre- and post-judgment interest as allowed by law; (3) costs of court; and requests (4) that the case be governed by a state court level three discovery control plan rather than a "level [one] discovery control plan for expedited actions with amounts in controversy under $100,000." ECF No. 1 at 3-4. The original petition also seeks actual damages and damages for past and future "physical pain and mental anguish." ECF No. 1-4 at 8-9. Additionally, Plaintiff's original petition seeks relief "under the common law, the Deceptive Trade Practices Consumer Protection Act, and the Texas Insurance Code." *Id.*

5

between them.[2] From this, Allstate would have been versed in the allegations and potential claims well before Plaintiff filed suit. The court, therefore, determines that Plaintiff is entitled to recover its reasonable attorney's fees for filing and briefing the motion to remand.

The court strongly urges the parties to resolve the issue of attorney's fees without court intervention. If the parties are unable to agree to reasonable attorney's fees, Plaintiff may file an application to recover reasonable fees incurred in filing and briefing the motion to remand. Such application must be filed by December 6, 2021, together with supporting documentation. Any response to the application is due December 13, 2021.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand (ECF No. 8) is **GRANTED** and this case is **REMANDED** to the 166th Judicial District Court of Bexar County, Texas. The Clerk of Court is directed to close this case upon remand.

**It is so ORDERED this 3rd day of November 2021.**

*(signature)*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[2] *See* ECF No. 8 ¶ 3 ("Following settlement with the adverse driver for portions of a global tender, Plaintiff and her husband made claims though their underinsured coverage policy provided by Defendant Allstate. Plaintiff's husband was able to resolve his claim, however Ms. Rodriguez and Allstate failed to come to an agreement.").